### STADIUM CAB CO v SHAWD

Ohio Appeals, 2nd Dist, Franklin Co

No 2142.   Decided Feb 16, 1932

Messrs. Booth, Keating, Pomerene & Boulger, Columbus, for plaintiff in error.

Messrs. Hamilton & Kramer, for defendant in error.

HORNBECK, J.

It is evident, that if the affidavit of the jurors represents what was done by the jury in reaching the verdict which it returned, and it was competent and proper evidence to be offered on the motion for a new trial, the verdict is a quotient verdict, recognized as illegal because the result of chance

and it must be set aside.

Before the affidavits of the jurors who participated in the trial and verdict can be accepted to impeach their own action, there must be testimony from other sources tending at least to show the irregularities which are set forth in the affidavit of the jurors themselves. An examination of Exhibits A and B will disclose that the figures in the columns of Exhibit B are not the same nor do they in either instance include all of the same amounts as appear on Exhibit A. Exhibit B carries the totals $54,700 and $56,700. The division of $56,700 by twelve is not completed and if it were would not represent the verdict returned. There seems to be an attempt to begin to divide $54,700 by twelve, but had it been completed the quotient would not have represented the verdict returned. No total that can be reached by adding together the eleven ballots appearing in Exhibit A, together with any figure completing the amount on the twelfth ballot which is torn, will equal the sum of $64,692, which is required to give a quotient in the amount of the returned verdict.

In other words, Exhibits B and A do not represent the same set of figures, nor will any of them in combination represent or account for the figures represented in the verdict returned by the jury. Thus, it is evident either that there were other ballots than those set out in Exhibit A or the figures are made up from some independent source.

It is true, that if the ballot where the $600 is written, and which is definitely stricken out by pencil marks, is treated as $600 instead of $5000, and the last ballot the amount of which we do not have, is figured at $10,000, the total would be $64,700, which divided by twelve would give a quotient of $5391-8-12. This may have been what the jury did, but the exhibits, upon any reasonable consideration thereof will not support this view of what was done.

As the division of the totals on exhibit B is not completed in any instance, this exhibit is not convincing that a quotient was the basis of the verdict. The result of our analysis is that Exhibits A and B in conjunction with the affidavit of Mr. Rohr do not tend to establish the claim that the jury returned a quotient verdict. The verdict returned would not be a quotient of any set of figures presented to us, and as it is different it must be presumed that it represents the independent composite judgment of the jurors signing the verdict. Of course the figures presented in Exhibit A and B raise a suspicion that the jury at some stage of its deliberations had been

securing a quotient, the result of a division of the total of its ballots by twelve, but that it intended to accept this quotient as the sole basis of its verdict can not be inferred from the figures alone.

The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.